UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

MATTHEW J. CREHAN,

Plaintiff,

v.

JAMES DAVIS, et al.,

Defendants.

Case No 1:09-cv-280

Honorable Paul L. Maloney

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by a *pro se* plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff's civil rights claims arise from his arrest on or about April 13, 2007, in the City of Roosevelt Park, Michigan. Plaintiff alleges that during the arrest, Officer James Davis of the Norton Shores Police Department forcefully thrust plaintiff to the ground, smashing his left kneecap into the cement and causing contusions and bruises all over plaintiff's body. Plaintiff has named as defendants Officer Davis, as well as Officer Matthew Rhyndress of the Norton Shores Police Department, Officer Jared Passchier of the Roosevelt Park Police Department, and Officer Timothy Denger of the City of Muskegon Police Department. Additionally, plaintiff alleges that the defendants are sued both individually and "in their capacities as police officers" for the municipalities by which they are employed.

The court has granted plaintiff leave to proceed *in forma pauperis*, in light of his indigence. Under the provisions of federal law, PUB. L. No. 104-134, 110 STAT. 1321 (1996), the court is required to dismiss any action brought under federal law *in forma pauperis* if the complaint

is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Accordingly, an action is frivolous within the meaning of section 1915(e)(2) when it is based on either an inarguable legal conclusion or fanciful factual allegations. 490 U.S. at 325

In deciding whether the complaint states a claim, the court applies the standards applicable to Rule 12(b)(6) motions. The complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citing FED. R. CIV. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 127 S. Ct. at 1964-65. The court must construe the complaint in the light most favorable to plaintiff, accept the plaintiff's factual allegations as true, and draw all reasonable factual inferences in plaintiff's favor. *See DirecTV, Inc. v. Treesh*, 47 F.3d 471, 476 (6th Cir. 2007). The court need not accept as true legal conclusions or unwarranted factual inferences. *Id. Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by licensed attorneys. *See Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even the lenient treatment generally given *pro se* pleadings has its limits. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]o survive a motion to dismiss, the complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Bishop v. Lucent Tech., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008).

**Discussion**

**1.**

The only substantive allegations in the complaint are directed against Officer Davis. Plaintiff alleges that, as he was pulling into the driveway of his residence, Officer Davis followed behind him with his overhead lights and siren on. Plaintiff put his vehicle in park, shut it off, exited the vehicle, placed his hands up, and stood still immediately next to the seat of the stopped vehicle. Officer Davis commanded him to get on the ground, and plaintiff began doing so, "offering no resistance." Plaintiff alleges that as he was in the process of getting on the ground, Officer Davis came from behind "and forcefully thrust plaintiff into the ground knocking plaintiff's glasses off, smashing plaintiff's left kneecap into the cement, causing it to break, ramming plaintiff's upper right chest into the ground, causing contusions, and leaving plaintiff with numerous bruises over his body." (Compl. ¶¶ 10-18).

Claims that law enforcement officers have used excessive force in the course of an arrest, investigatory stop, or other "seizure" of a free citizen must be analyzed under the Fourth Amendment and its reasonableness standard. *Graham v. Connor*, 490 U.S. 386, 395 (1989). The allegations in plaintiff's complaint, accepted as true for present purposes, would state a claim for the objectively unreasonable use of force in connection with an arrest, and hence a violation of plaintiff's Fourth Amendment rights. The right of an unresisting suspect to be free from unnecessary application of force in the context of an arrest is well established in Sixth Circuit jurisprudence. *See Jones v. City of Cincinnati*, 521 F.3d 555, 559-60 (6th Cir. 2008). Consequently, the allegations in plaintiff's complaint, accepted as true, allege a cognizable claim against Officer Davis for violation

of plaintiff's Fourth Amendment rights under 42 U.S.C. § 1983. I have therefore ordered service of process on Officer Davis.

**2.**

Plaintiff's complaint states no claim against the other individual defendants. The complaint merely identifies those defendants as police officers (Compl. ¶¶ 7-9) and alleges only that "the other police officers who arrived on the scene did nothing to stop this unprovoked violent attack." (Compl. ¶¶ 19). "Generally speaking, a police officer who fails to act to prevent the use of excessive force may be held liable when (1) the officer observed or had reason to know that excessive force would be or was being used, and (2) the officer had both the opportunity and the means to prevent the harm from occurring." *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997). Under this principle, officers who stand by and do nothing while a fellow officer beats an unresisting suspect can be held liable under section 1983. *See, e.g., Bruner v. Dunaway*, 684 F.2d 422, 426 (6th Cir. 1982).

Fellow officers, however, are not guarantors of an arrestee's safety. The Sixth Circuit has held that officers have no duty to intervene where an entire incident unfolds "in a matter of seconds." *Ontha v. Rutherford County, Tenn.*, 222 F. App'x 498, 506 (6th Cir. 2007). That is, a police officer cannot be held liable for failing to intercede if he has no "realistic opportunity" to prevent the attack. *Murray-Ruhl v. Passinault*, 246 F. App'x 338, 348 (6th Cir. 2007) (citing *Gaudreault v. Municipality of Salem*, 923 F.2d 203, 207 n.3 (1st Cir. 1990)). Officers who do not themselves participate in the excessive use of force have a duty to intervene only when the "underlying episode of excessive force has spanned a sufficient period of time for a nearby defendant

to both perceive what was happening and intercede to stop it." *Ontha*, 222 F. App'x at 506; *see also O'Neill v. Krzeminski*, 839 F.2d 9, 11-12 (2d Cir. 1988) (finding that three blows suffered by plaintiff were struck in such rapid succession that a nearby police officer had no realistic opportunity to attempt to prevent them).

The episode described in plaintiff's complaint, by plaintiff's own telling, lasted but an instant. As plaintiff was in the process of lowering himself to the ground, Officer Davis came from behind and forcefully thrust plaintiff into the ground, causing him personal injury. Plaintiff alleges no facts that would indicate, even inferentially, that the other defendants knew what Davis planned to do or had any means or opportunity to prevent it.

Accepting all well-pleaded allegations as true, I conclude that the complaint fails to state a claim against any individual defendant other than Officer Davis. I therefore recommend that all individual defendants other than Davis be dismissed from this action.

**3.**

Plaintiff's complaint sues the defendants both in their individual capacity and in their "representative capacity" as police officers for the municipalities by which they are employed. A suit against a municipal employee in his official capacity is another way of pleading an action against the entity of which the officer is an agent. *See Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 690 n.55 (1978); *Everson v. Leis*, 556 F.3d 484, 493 n.3 (6th Cir. 2009). A municipality is liable for a constitutional violation only when execution of the municipality's policy or custom inflicts the alleged injury. *Monell*, 436 U.S. at 694. The official policy or custom must be the "moving force of a constitutional violation" to establish the liability of a government body. *Polk*

*County v. Dodson*, 454 U.S. 312, 326 (1981). A municipality cannot be held liable under section 1983 solely because it employs a tortfeasor. *Monell*, 436 U.S. at 691. In other words, a municipality cannot be held vicariously liable for the constitutional torts of its employees. *See Garretson v. City of Madison Heights*, 407 F.3d 789, 795 (6th Cir. 2005).

Plaintiff's complaint is devoid of any allegation sufficient to state a claim against a municipality under *Monell*. The complaint does not identify, or even allege the existence of, any official policy or custom that was the moving force of the alleged constitutional violation. Therefore, to the extent that plaintiff is attempting to allege a claim against the cities of Norton Shores, Roosevelt Park, or Muskegon, Michigan, the complaint is insufficient, and any claim against those municipalities should be dismissed.

## **Recommended Disposition**

For the foregoing reasons, I recommend that all claims against defendants Rhyndress, Passchier, and Denger and all claims against the cities of Norton Shores, Roosevelt Park, and Muskegon, Michigan, be dismissed for failure to state a claim upon which relief can be granted.

Dated: April 1, 2009

/s/ Joseph G. Scoville
United States Magistrate Judge

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).