UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____
                                          |
                                          |
MATTHEW CREHAN,                           |         Case No. 1:09-cv-280
                                          |
        Plaintiff,                        |     HONORABLE PAUL L. MALONEY
                                          |
        v.                                |   Magistrate Judge Ellen S. Carmody
                                          |
JAMES DAVIS,                              |
                                          |
        Defendant.[1]                     |
                                          |
_____

**OPINION and ORDER**

**Overruling the Petitioner's Conclusory Objections and Adopting the R&R;**
**Dismissing All Defendants Except Davis under FRCP 12(b)(6) for Failure to State a Claim;**

**Allowing the Plaintiff to Proceed on His Claim Against Defendant Davis Only**

This matter was automatically referred to Magistrate Judge Joseph G. Scoville, who issued

a Report and Recommendation ("R&R") on April 1, 2009 which was mailed to plaintiff Crehan that

same day.  On April 9, 2009, Davis timely filed a one-page document entitled "Objections to

_____

[1]
        The complaint named seven defendants.  Because this opinion dismisses the complaint as
to six defendants, they will no longer be listed in the caption of any documents filed by the court or
the parties.  *See, e.g., Aslani v. Sparrow Health Sys.*, 2009 WL 736654, *1 n.4 (W.D. Mich. Mar.
12, 2009) (Maloney, C.J.) ("In future filings by the parties or the court, the caption . . . shall not
include the LPD or Lansing Police /officers [who were dismissed in that same opinion].") (citing
*Shepard's McGraw-Hill, Inc. v. LegalSoft Corp.*, 769 F. Supp. 1161, 1167 (D. Colo. 1991)
("Accordingly, it is ordered that . . . the caption shall be modified to reflect the dismissal of
defendant United Systems, Inc. . . .")).

Magistrate's Recommendation", but the document is utterly conclusory.  It states, in its entirety:

> The Magistrate has recommended that all of the Defendants in this action, with the exception of Officer James Davis, be dismissed from the action.
>
> Plaintiff objects to the dismissal of the remaining defendants pending discovery and amendment of pleadings.
>
> Plaintiff further objects as the statute of limitations for this type of action as stated in the complaint expires on April 12, 2009, therefore the remaining defendants could not be successfully added at a later date.

Such an "objection" does nothing to carry Crehan's burden of "articulating specific objections and supporting them with reasoned argument which cites relevant legal authority and explains how it shows a deficiency in the R&R's reasoning", so Crehan has no right to *de novo* review – indeed *any* review – of the R&R.  *See McMurtry v. Berghuis*, 2009 WL 929012, *1 (W.D. Mich. Apr. 3, 2009) (Maloney, C.J.) (citing, *inter alia*, *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986)); *see also Fairfield v. Wacha*, 2007 WL 584940, *2 (W.D. Mich. Feb. 28, 2008) (Maloney, J.) ("Fairfield's objection does not cite any case law or any Constitutional, statutory, or regulatory provisions, and he does not attempt to *substantively* address any of the Magistrate Judge's legal reasoning or conclusions. [T[hese failings render Fairfield's purported objection the same as no objection at all.") (citing *Wallace v. Adams*, 1995 WL 141385 (6th Cir. Mar. 24, 1995) and *Bates v. Chapleau*, 1994 WL 532937 (6th Cir. Sept. 30, 1994)).

Finally, the court notes that no amount of discovery can change Crehan's allegation that only Officer Davis personally employed or threatened any force against him, or his allegation that Davis's use of excessive force occurred in a matter of seconds such that no other defendant could have intervened to prevent or ameliorate it.  In addition to the decisions cited by the R&R at 4, *see Ontha v. Rutherford Cty., Tenn.*, 222 F. App'x 498, 506 (6th Cir. 2007) (as a matter of law, other officers

have no actionable duty to intervene where the entire incident unfolds in a matter of seconds) (citing, *inter alia*, *Fultz v. Whittaker*, 261 F. Supp.2d 767, 780 (W.D. Ky. 2003) (Heyburn, C.J.) (declining to hold an officer liable for failure to intervene where "everyone agrees that the events happened in a matter of seconds"), *app. dis.*, 88 F. App'x 896 (6th Cir. 2004), and *Todhunter v. Swan*, 2006 WL 3454796, *7 (E.D. Mich. Nov. 29, 2006) Cleland, J.)).   In other words, discovery will not change the R&R's correct determination that taking the facts as alleged by Crehan's complaint and drawing all logical inferences therefrom in his favor, he has not stated and cannot state a claim against those defendants on which relief could be granted.  *Cf. Porter v. Caruso*, 479 F. Supp.2d 687, 701 (W.D. Mich. 2007) (Enslen, J., adopting R&R of Carmody, M.J.) ("Plaintiff asserts that Defendants' motions for summary judgment should be denied so that he can complete the discovery process. [But t]he various deficiencies in Plaintiff's amended complaint . . . are not amenable to 'correction' through the discovery process.  In other words, no amount of discovery can alter the Court's recommendations as to such claims."), *mot. to amend denied*, 2007 WL 1424560 (W.D. Mich. May 14, 2007).

Therefore, it is also irrelevant whether the statute of limitations might bar Crehan from seeking to add those parties back into the case as defendants after April 12, 2009 (an issue on which the court need not intimate any opinion).

### Order

The plaintiff's objections [document # 5] are **OVERRULED**.

The Report and Recommendation [document # 4] is **ADOPTED**.

The complaint is **DISMISSED as to these defendants in both their individual and official capacities** for failure to state a claim on which relief can be granted:

– City of Norton Shores Police Officer Matthew Rhyndress
– City of Roosevelt Park Police Officer Jared Passchier
– City of Muskegon Police Officer Timothy Denger
– "John Does . . . Police Officers for the Cities of Norton Shores, Roosevelt Park, and Muskegon, jointly and severally"

To the extent that the complaint asserts claims against **the City of Norton Shores, the City of Roosevelt Park, or the City of Muskegon**, those claims are also dismissed with prejudice for failure to state a claim on which relief can be granted.

Crehan **MAY PROCEED** on his claims against defendant Police Officer James Davis.[2]

This is not a final and appealable order, because it does not dispose of all issues and claims as to all parties. *See Ellis v. Kaye-Kibbey*, 581 F. Supp.2d 861, 884 (W.D. Mich. 2008) (Maloney, C.J.) (citing *Johnson v. UPS*, 117 F. App'x 444, 447 (6th Cir. 2004)).

**IT IS SO ORDERED this 27th day of April 2009.**

/s/ Paul L. Maloney
Honorable Paul L. Maloney
Chief United States District Judge

---

[2]On April 2, 2009, a summons was issued as to Davis and delivered to the U.S. Marshals Service for service.