## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**MATTHEW JOSEPH CREHAN,**

    **Plaintiff,**      **CASE NO:  1:09-CV-280**

**vs.**           **HON. PAUL L. MALONEY**

**JAMES DAVIS, Individually and in his
representative capacity as a Police Officer
for the City of Norton Shores.**

    **Defendant.**
_____/

| | |
|---|---|
| **Matthew J. Crehan (In Pro Per)** | **Michael S. Bogren (P34835)** |
| **P.O. Box 4042** | **Attorney for Defendant** |
| **Muskegon, MI  49444** | **PLUNKETT COONEY** |
| **Telephone:  231/755-5252** | **535 S. Burdick Street, Ste. 256** |
| | **Kalamazoo, MI  49007** |
| | **Telephone:  269/226-8822** |

### DEFENDANT JAMES DAVIS' ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES AND JURY DEMAND

  NOW COMES Defendant, JAMES DAVIS, by and through his attorneys PLUNKETT COONEY and in answer to the Plaintiff's Complaint states:

### JURISDICTION AND VENUE ALLEGATIONS

  <u>ALLEGATION 1</u>.  This is an action at law under 42 U.S.C. Sec. 1983 and the laws of the State of Michigan to redress the deprivation under color of state law of rights, privileges and immunities secured to Plaintiff by the Constitutions of the United States and the State of Michigan.

  <u>ANSWER 1</u>.  The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

ALLEGATION 2. This Court has jurisdiction under 28 U.S.C. Sec. 1343(a)(3) and 8 U.S.C. Sec. 1331 (a federal question), this being an action authorized by law to redress the deprivation under color of state law, statute, ordinance, regulation, custom and usage of rights, privileges and immunities secured to Plaintiff by the Constitution of the United States.

ANSWER 2. The defendant admits that this Court has jurisdiction over this matter.

ALLEGATION 3. Venue is properly laid under 28 U.S.C. Sec. 1391(b).

ANSWER 3. Admitted.

ALLEGATION 4. Any state causes of action arising out of the deprivation of the federal civil rights alleged herein are properly before this Court pursuant to the pendant jurisdiction of this Court.

ANSWER 4. The defendant acknowledges that this Court has discretion to exercise supplemental jurisdiction over the plaintiff's state law claims.

ALLEGATION 5. That the amount in controversy, exclusive of interest and costs, exceeds $75,000.

ANSWER 5. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5.

## PARTIES AND COMMON ALLEGATIONS

ALLEGATION 6. That Matthew-Joseph: Crehan, at all times relevant to this complaint, was a resident of the City of Roosevelt Park, State of Michigan.

ANSWER 6. Admitted upon information and belief.

ALLEGATION 7. That defendants James Davis, Matthew Rhyndress, and John Doe(s), at all times relevant to this complaint, were employees of the Police Department for the City of Norton Shores, State of Michigan.

ANSWER 7. It is admitted that defendant James Davis was employed by the City of Norton Shores as a police officer on April 13, 2007.

ALLEGATION 8.    That defendant Jared Passchier, and John Doe(s) at all times relevant to this complaint, were employees of the Roosevelt Park Police Department.

ANSWER 8.    The allegations contained in paragraph 8 are not addressed to this defendant and no response is required by this defendant.  Moreover, defendant Jared Passchier has been dismissed as a defendant in this matter.

ALLEGATION 9.    That defendant Timothy Denger, and John Doe(s) at all times relevant to this complaint, were employees of the City of Muskegon Police Department.

ANSWER 9.    The allegations contained in paragraph 8 are not addressed to this defendant and no response is required by this defendant.  Moreover, defendant Timothy Denger has been dismissed as a defendant in this matter.

## FACTUAL ALLEGATIONS

ALLEGATION 10.    That on or about April 13, 2007, Plaintiff was pulling into the driveway of his residence at 1519 West Summit Road, City of Roosevelt Park.

ANSWER 10.    It is admitted that the plaintiff pulled into the driveway at 1519 West Summit Road, Roosevelt Park, Michigan, on April 13, 2007 after failing and refusing to acquiesce in Officer Davis' attempt to make a traffic stop.

ALLEGATION 11.    That as he was doing so, he was being followed by Officer Davis of the Norton Shores Police Department.

ANSWER 11.    It is admitted that the plaintiff pulled into the driveway at 1519 West Summit Road, Roosevelt Park, Michigan, on April 13, 2007 after failing and refusing to acquiesce in Officer Davis' attempt to make a traffic stop.

ALLEGATION 12.    That Officer Davis had his overhead lights and siren on.

ANSWER 12.    Admitted.

3

ALLEGATION 13.    That after pulling into the driveway of his residence, stopping two feet from a closed garage door, Plaintiff put his vehicle in park and shut it off.

ANSWER 13.        The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.

ALLEGATION 14.    That Officer Davis left his overhead lights on.

ANSWER 14.        Admitted.

ALLEGATION 15.    That Officer Davis left his siren on, even though both parties vehicles were stopped.

ANSWER 15.        It is admitted that the siren on Officer Davis' patrol car was activated.

ALLEGATION 16.    That after plaintiff put his vehicle in park and shut it off; he opened the door to his vehicle, got out, placed his hands up, and stood still immediately next to the seat of the stopped vehicle.

ANSWER 16.        The allegations contained in paragraph 16 are denied as untrue.

ALLEGATION 17.    That upon hearing the commands of Officer Davis to "get on the ground", plaintiff began doing so, offering no resistance.

ANSWER 17.        The allegations contained in paragraph 17 are denied as untrue.

ALLEGATION 18.    That while he was in the process of doing so, and was almost fully prone on the ground, offering no resistance, Officer Davis came from behind, and forcefully thrust plaintiff into the ground knocking plaintiff's glasses off, smashing plaintiff's left kneecap into the cement, causing it to break, ramming plaintiff's upper right chest into the ground, causing contusions, and leaving plaintiff with numerous bruises over his body

ANSWER 18.        The allegations contained in paragraph 18 are denied as untrue.

ALLEGATION 19.    That the other police officers who arrived on the scene did nothing to stop this unprovoked violent attack.

ANSWER 19.        The allegations contained in paragraph 19 are denied as untrue.

ALLEGATION 20.    That the plaintiff, who offered no resistance was then handcuffed by Officer Davis, and placed in the backseat of Officer Davis' vehicle.

ANSWER 20.        It is admitted that the plaintiff was handcuffed and placed in the backseat of Officer Davis' patrol vehicle. The remaining allegations contained in paragraph 20 are denied as untrue.

ALLEGATION 21.    That upon being placed in the backseat of Officer Davis vehicle, plaintiff observed that none of the contact between himself and Officer Davis or any of the other Officers at the scene had been recorded on the video camera in Officer Davis vehicle.

ANSWER 21.        The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21.

ALLEGATION 22.    That upon realizing his glasses were missing, plaintiff requested they be retrieved by Officer Davis, who refused to do so.

ANSWER 22.        The allegations contained in paragraph 22 are denied as untrue.

ALLEGATION 23.    That plaintiff was then transported to the Muskegon County jail by Officer Davis.

ANSWER 23.        Admitted.

ALLEGATION 24.    That after arrival at the Muskegon County jail, plaintiff was searched and placed into a holding cell.

ANSWER 24.        Admitted.

ALLEGATION 25.    That approximately five to six hours later, a deputy requested plaintiff walk to an area of the jail for booking.

ANSWER 25.　　　　The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25.

ALLEGATION 26.　That upon receiving this request, plaintiff advised the deputy that he was in immense pain, unable to walk, and showed the deputy both of his knees, the left one being about three times the size of the right one, displaying bruises.

ANSWER 26.　　　　The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26.

ALLEGATION 27.　That upon seeing plaintiff's knee in this condition, the Norton Shores police department was called to transport plaintiff to Hackley Hospital.

ANSWER 27.　　　　It is admitted that the plaintiff was transported to Hackley Hospital.

ALLEGATION 28.　That upon arrival at Hackley Hospital, plaintiff was examined by Dr. Hubers who performed X-rays which proved plaintiff's left kneecap was in fact broken, as well as his upper right chest receiving contusions.

ANSWER 28.　　　　The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28.

ALLEGATION 29.　That after the examination, plaintiff was given a brace to immobilize his knee, a pair of crutches, and instructions on assisting in the healing process.

ANSWER 29.　　　　The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29.

ALLEGATION 30.　That as of this date, plaintiff has not fully recovered from his kneecap injury.

ANSWER 30.　　　　The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30.

## COUNT I – EXCESSIVE FORCE

ALLEGATION 31.    That Plaintiff hereby re-alleges and incorporates by reference Paragraphs (1) through (31) as if fully set forth herein.

ANSWER 31.        The defendant incorporates by reference paragraphs 1 through 30 of his Answer as if set forth fully herein.

ALLEGATION 32.    That the defendants at all times herein owed Plaintiff, Matthew-Joseph: Crehan, the duty of protecting his state and federal constitutional rights, including the right to be free from excessive force at the hand of those acting under color of law.

ANSWER 32.        Paragraph 32 does not contain properly pled allegations of fact but contains improper conclusions of law to which no response is required.  To the extent that a response is required the defendant denies the legal conclusions set forth in paragraph 32 in the form and manner stated.

ALLEGATION 33.    That these individual defendants, acting under color of law, violated these rights by physically and maliciously abusing the Plaintiff without justification, in violation of the Michigan and federal Constitutions, particularly the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, which is actionable under both 42 U.S.C. Sec. 1983 and Michigan Law.

ANSWER 33.        The allegations contained in paragraph 33 are denied as untrue.

ALLEGATION 34.    That as a result of the defendants' actions and omissions, Plaintiff, Matthew-Joseph: Crehan, suffered damages which include but are not limited to the following:

(a)    Physical pain and suffering;

(b)    Injuries to his kneecap, chest and various other parts of his body;

(c)    Permanent damage to his kneecap;

(d)    Fright;

(e)     Humiliation;

(f)     Other damages compensable under both Michigan and federal law.

ANSWER 34.          In that the defendant did not violate any of the plaintiff's rights, the allegations contained in paragraph 34 are denied as untrue.


## COUNT II – GROSS NEGLIGENCE

ALLEGATION 35.    Plaintiff hereby incorporates by reference Paragraphs (1) through (35) as if fully set forth in full herein.

ANSWER 35.          The defendant incorporates by reference paragraphs 1 through 34 of his Answer as if set forth fully herein.

ALLEGATION 36.    That the defendants owed Plaintiff a duty to act reasonably under all of the circumstances, which duty includes the exercise of care, caution and consideration during an attempt to take a citizen into custody and while a citizen is in custody.

ANSWER 36.          Paragraph 36 does not contain properly pled allegations of fact but contains improper conclusions of law to which no response is required.  To the extent that a response is required the defendant denies the legal conclusions set forth in paragraph 36 in the form and manner stated.

ALLEGATION 37.    That the defendants violated these duties by engaging in the conduct previously described which includes intentionally and maliciously subjecting Plaintiff to physical abuse and harm and by refusing provide to Plaintiff necessary medical treatment and failing to administer medication necessary and proper for the health of Plaintiff.

ANSWER 37.          The allegations contained in paragraph 37 are denied as untrue.

ALLEGATION 38.    That the defendants violated these duties by engaging in the conduct previously described, which includes intentionally and maliciously subjecting Plaintiff to physical abuse and harm.

ANSWER 38.        The allegations contained in paragraph 38 are denied as untrue.

ALLEGATION 39.    That based upon the facts pled in avoidance of governmental immunity, the defendants' conduct is exempted from governmental immunity pursuant to MCLA § 691.1401 because the defendants' conduct in taking the Plaintiff into custody and their conduct while the Plaintiff was already in custody was grossly negligent in that said conduct was so reckless as to demonstrate a substantial lack of concern for whether injury resulted to the Plaintiff.

ANSWER 39.        The allegations contained in paragraph 39 are denied as untrue.

ALLEGATION 40.    That as a direct and proximate result of the defendants' gross negligence, Plaintiff sustained the damages previously enumerated in the body of this complaint and incorporated herein, and therefore, Plaintiff requests damages compensable under Michigan Law.

ANSWER 40.        In that the defendant did not breach any duty owed to the plaintiff, nor did he engage in conduct that constituted gross negligence, the allegations contained in paragraph 40 are denied as untrue.

## COUNT III – ASSAULT AND BATTERY

ALLEGATION 41.    Plaintiff hereby incorporates by reference paragraph (1) through (41) as if fully set forth in full herein.

ANSWER 41.        The defendant incorporates by reference paragraphs 1 through 40 of his Answer as if set forth fully herein.

ALLEGATION 42.    That the defendants intentionally committed an assault and battery upon the plaintiff, at 1519 West Summit Road, City of Roosevelt Park. County of Muskegon, by forcefully thrusting plaintiff into the ground, knocking plaintiff's glasses off, smashing plaintiff's left kneecap into the cement, causing it to break, ramming plaintiff's upper right chest into the ground, causing contusions, and leaving plaintiff with numerous bruises over his body.

ANSWER 42.          The allegations contained in paragraph 42 are denied as untrue.

ALLEGATION 43.    As a direct result thereof, plaintiff was caused to suffer the following injuries and damages:

(a)      Physical pain and suffering;

(b)      Injuries to his kneecap, chest, and various other parts of his body;

(c)      Permanent damage to his kneecap;

(d)      Other damages compensatable under law

ANSWER 43.          In that the defendant did not commit an assault and battery upon the plaintiff, the allegations contained in paragraph 43 are denied as untrue.

WHEREFORE, for the foregoing reasons, the Defendant, JAMES DAVIS, respectfully requests this Honorable Court enter a judgment in favor of the defendant and dismiss the plaintiff's complaint in its entirety and award the defendant his costs and attorney fees under 42 U.S.C. §1988.

## AFFIRMATIVE DEFENSES

NOW COMES Defendant, JAMES DAVIS, by and through his attorneys, PLUNKETT COONEY and raises the following Affirmative Defenses to the Plaintiff's Complaint:

1.      The defendant James Davis is entitled to dismissal on the basis of qualified immunity as a reasonable police officer in his position could have believed his actions to be lawful in light of clearly established law.

2.    The plaintiff is not entitled to recover attorney fees, as he is not represented by counsel.

3.    Count II of the plaintiff's complaint fails to state a claim upon which relief can be granted.

4.    The defendant is entitled to dismissal of the state law claims on the basis of governmental immunity.

5.    The plaintiff may have failed to mitigate his alleged damages.  The defendant reserves the right to conduct discovery on this issue.

Respectfully submitted,

DATED:  May 7, 2009                    PLUNKETT COONEY

BY:  //s// Michael S. Bogren_____
           Michael S. Bogren (P34835)
           Attorney for Defendant
           James Davis

BUSINESS ADDRESS:
535 S. Burdick Street, Suite 256
Kalamazoo, MI  49007
**Direct Dial:  269/226-8822**

## JURY DEMAND

NOW  COMES  Defendant, JAMES DAVIS, by  and  through  his  attorneys, PLUNKETT COONEY and hereby demands a Trial by Jury in this matter.

Respectfully submitted,

DATED:  May 7, 2009                     PLUNKETT COONEY


BY: //s// Michael S. Bogren
      Michael S. Bogren (P34835)
      Attorney for Defendant
      James Davis

BUSINESS ADDRESS:
535 S. Burdick Street, Suite 256
Kalamazoo, MI  49007
**Direct Dial:  269/226-8822**

## <u>PROOF OF SERVICE</u>

      Michael S. Bogren, Attorney in the Law Firm of PLUNKETT COONEY says that on the 7th day of May, 2009, he caused a copy of the ***Defendant James Davis' Answer to Plaintiff's Complaint, Affirmative Defenses, Jury Demand,*** and ***Proof of Service*** to be served upon all parties of record, and that such service was made by enclosing same in a sealed envelope with first class postage fully prepaid, addressed to the above, and depositing said envelope and its contents in a receptacle for the United States mail at Kalamazoo, Michigan, and said envelope was addressed to the following at their last known address.

**Matthew J. Crehan (In Pro Per)**
**P.O. Box 4042**
**Muskegon, MI  49444**


     _//s// Michael S. Bogren_____
     Michael S. Bogren


Branches.00560.91310.1794079-1

13