**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

No. 10-1832

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| MATTHEW JOSEPH CREHAN, named as "Matthew-Joseph: Crehan,"<br><br>    Plaintiff-Appellant,<br><br>v.<br><br>JAMES DAVIS, Police Officer; MATTHEW RHYNDRESS, Police Officer; JARED PASSCHIER, Police Officer; TIMOTHY DENGER, Police Officer; UNKNOWN PARTIES, named as "John Doe(s), as Police Officers for the Cities of Norton Shores, Roosevelt Park, and Muskegon", all in their Individual and Representative Capacities, jointly and severally,<br><br>    Defendants-Appellees. | **FILED**<br>**Aug 25, 2011**<br>LEONARD GREEN, Clerk<br><br>ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN |

O R D E R

Before: BOGGS, GIBBONS, and COOK, Circuit Judges.

Matthew Joseph Crehan, a paroled pro se former Michigan prisoner, appeals a district-court order granting summary judgment in favor of defendant James Davis in this civil-rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

Seeking damages and injunctive relief, Crehan sued six municipal police officers, in their individual and official capacities, alleging that they violated his right to be free from excessive force under the Fourth, Fifth and Fourteenth Amendments when they stopped and detained him on April

13, 2007. Crehan also raised claims of gross negligence and assault and battery under Michigan state law.

For purposes of this appeal, we view the facts in the light most favorable to Crehan. He was traveling at a normal rate of speed through Norton Shores and Roosevelt Park, Michigan, where he resided. After Crehan stopped at a stop sign and turned left onto Norton Avenue in Norton Shores, Officer Davis began to follow Crehan's car in his police cruiser. Crehan then stopped at another intersection and turned right onto Davis Avenue, at which time Davis turned on his overhead lights. Still traveling at the speed limit and obeying all traffic laws, Crehan did not stop, but continued on to the next intersection, turning left. Davis then shined a spotlight on Crehan's vehicle. Crehan did not pull over, but stopped at the next intersection and turned right. At this point, Davis turned on his siren. However, Crehan continued to the next intersection, turned left, then turned into his own driveway.

Crehan stopped two feet in front of his garage door, put his vehicle in park, and turned off the lights. Davis pulled in behind him with his lights activated and the siren on. Crehan then exited his vehicle, placed his hands in the air, and stood with his back to the seat of his truck. Crehan was then ordered to get on the ground, and Crehan began to comply with that order when Davis "came from behind, and forcefully thrust plaintiff into the ground," knocking his glasses off, "smashing" him into the cement, and breaking his kneecap. Davis also shoved Crehan's chest into the ground, causing contusions and bruises.

The district court initially reviewed the case under 28 U.S.C. § 1915(e)(2), and determined that Crehan's allegations, accepted as true, supported a cognizable claim against Davis for violation of Crehan's Fourth Amendment rights under § 1983. However, the district court dismissed the remaining officers and the cities of Norton Shores, Roosevelt Park, and Muskegon, Michigan, to the extent the complaint could be construed as stating claims against those municipalities. The district court also refused to accept pendant jurisdiction over Crehan's state-law claims.

The district court granted Davis's subsequent motion for summary judgment on the basis that he was entitled to qualified immunity. The district court assumed, arguendo, that Davis's force was

unreasonable for purposes of deciding whether Davis was entitled to qualified immunity, and also assumed that Crehan was attempting to follow Davis's command to get on the ground when Davis employed the force. Although Crehan offered no resistance in his driveway and had been in the "push-up position" on his way to the ground when Davis forcefully pushed him and caused his injuries, the district court concluded that no Supreme Court or published case in this circuit clearly established Davis's move constituted excessive force under the circumstances.

On appeal, Crehan argues that, notwithstanding the absence of a precedential case with "fundamentally similar" facts, the decisions of the Supreme Court and this court provided sufficient and reasonable warning to Davis that his conduct violated established law. Crehan also argues that the district court erroneously relied on cases from the Fourth Circuit, and that it failed to provide him the opportunity for full discovery during his incarceration so that summary judgment was prematurely granted. Crehan presents no challenge to the district court's dismissal of the remaining defendants or to the dismissal of his state-law claims.

We vacate the district court's decision and remand for further review for the reasons below. We review an order granting summary judgment de novo. *Schreiber v. Moe*, 596 F.3d 323, 329 (6th Cir. 2010); *Turner v. City of Taylor*, 412 F.3d 629, 637 (6th Cir. 2005). Summary judgment is proper where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

"Qualified immunity is generally available for 'government officials performing discretionary functions . . . insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Slusher v. Carson*, 540 F.3d 449, 453 (6th Cir. 2008) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). After Davis raised the affirmative defense of qualified immunity, it became Crehan's burden to demonstrate that Davis was not entitled to that defense. *See Moldowan v. City of Warren,* 578 F.3d 351, 375 (6th Cir. 2009), *cert. denied*, 130 S. Ct. 3504 (2010). The question of whether a defendant is entitled to qualified

immunity requires this court to determine whether the defendant violated a constitutional right, and whether that right was clearly established in light of the specific context of the case. *See Scott v. Harris*, 550 U.S. 372, 377 (2007); *see also Hayden v. Green*, 640 F.3d 150, 153 (6th Cir. 2011). We may address these two questions in either order. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

The violation of a constitutional right is clearly established if "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *See Saucier v. Katz*, 533 U.S. 194, 202 (2001), *receded from on other grounds in Pearson*, 129 S. Ct. at 818; *Ciminillo v. Streicher*, 434 F.3d 461, 468 (6th Cir. 2006). "This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). However, the violation must be apparent in light of pre-existing law. *Id*. General constitutional standards may support a clearly established constitutional right in an obvious case, without a body of specific, relevant case law. *See Brosseau v. Haugen*, 543 U.S. 194, 199 (2004). Even without presenting a case with the exact same fact pattern or even fundamentally similar facts, a plaintiff may establish that a right was clearly established if it can be shown that the defendants had "fair warning" that the action was unconstitutional. *Binay v. Bettendorf*, 601 F.3d 640, 651-52 (6th Cir. 2010).

In the context of excessive-force claims, courts must determine what force may be reasonable or necessary by looking to "the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham v. Connor*, 490 U.S. 386, 396 (1989). We have consistently held that various types of force applied after a suspect has been subdued and neutralized are excessive and a violation of a clearly established right. *See Champion v. Outlook Nashville, Inc.*, 380 F.3d 893, 902 (6th Cir. 2004). As in *Ciminillo*, 434 F.3d at 467, Crehan's conduct did not suggest that he was an immediate threat to the officers or that he was going to flee. Crehan had placed his hands in a "surrender" position, and was in the process of obeying Davis's command to get on the ground. There was no evidence to suggest that Crehan was attempting to resist or evade the arrest by flight.

No. 10-1832
- 5 -

The district court recognized that certain force is excessive after a suspect has been subdued, but the court determined that Crehan had failed to "explain what legal authority *compelled* Davis to conclude that Crehan was completely and safely neutralized, with no possibility of attack, resistance or further flight." However, the facts of precedential case law need not be so close and compelling. All that is required is a fair warning that the action is unconstitutional. *See Binay*, 601 F.3d at 652. To provide this warning, there is no need that "the very action in question" has been held to be unlawful. *See Wilson v. Layne*, 526 U.S. 603, 615 (1999).

Considering the totality of the circumstances, we conclude that the district court erred in finding that Davis could reasonably have believed that he could tackle Crehan to the ground with force sufficient to break his kneecap and cause contusions to his body after Crehan appeared to be neutralized. At the time he began to follow Crehan, Davis was aware only of an improperly registered license plate on Crehan's vehicle and had no reason to believe that Crehan was violent or had a tendency to flee in the past. Davis had fair warning that this level of force would be a violation of a clearly established constitutional right. Therefore, the district court's conclusion of law was in error.

The government argues that because the crime of fleeing and eluding has been considered to be "inherently dangerous" for purposes of determining sentence enhancement under the Armed Career Criminal Act ("ACCA") and the federal Sentencing Guidelines, Crehan's failure to stop should be considered a severe crime under the first factor in *Graham*. However, this argument is not persuasive. The standard of reviewing state law crimes for purposes of applying the ACCA and the enhancement provisions under the sentencing Guidelines is inapplicable to qualified immunity analysis. This court has consistently applied the "categorical approach" to crimes at issue in sentencing, whereas a qualified immunity analysis demands consideration of the specific facts facing an officer. *See Sykes v. United States*, __U.S. __, 131 S. Ct. 2267, 2272 (2011).

No. 10-1832
- 6 -

Because we remand the case, we need not address Crehan's remaining arguments. Accordingly, the district court's judgment is vacated, and the case is remanded for further proceedings in accordance with this order.  Rule 34(j)(2)(C), Rules of the Sixth Circuit.

ENTERED BY ORDER OF THE COURT

Clerk

## UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Leonard Green<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: August 25, 2011

Ms. Hilary Ann Ballentine
Plunkett Cooney
535 Griswold Street
Suite 2400 Buhl Building
Detroit, MI 48226

Matthew Joseph Crehan
P.O. Box 1700
Muskegon, MI 49443

      Re: Case No. 10-1832, *Matthew Crehan v. James Davis, et al*
         Originating Case No. : 09-00280

Dear Parties,

 The Court issued the enclosed (Order/Opinion) today in this case.

              Sincerely yours,

              s/Roy G. Ford
              Case Manager
              Direct Dial No. 513-564-7016

cc: Ms. Tracey Cordes

Enclosure

Mandate to issue