UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW JOSEPH CREHAN,

       Plaintiff,                        CASE NO: 1:11-cv-1038
                                                CASE NO. 1:09-cv-280

vs.                                    HON. PAUL L. MALONEY

JAMES DAVIS, Individually and in his
representative capacity as a Police Officer
for the City of Norton Shores; DANIEL SHAW,
individually and in his representative capacity
as the Police Chief for the City of Norton
Shores, CITY OF NORTON SHORES,
CENTRAL TOWING SERVICES, LLC, &
EDWARD L. HIGGINS,

       Defendants.
_____/

| | |
|---|---|
| **Daniel E. Manville (P39731)** | **Michael S. Bogren (P34835)** |
| Attorney for Plaintiff | Attorney for Defendants |
| Civil Rights Clinic | James Davis, Daniel Shaw and The |
| Michigan State University College of Law | City of Norton Shores |
| 610 Abbot Road | PLUNKETT COONEY |
| East Lansing, Michigan 48823 | 950 Trade Centre Way, Suite 310 |
| Telephone: 517/336-8088 x 1137 | Kalamazoo, MI 49002 |
| | Telephone: 269/226-8822 |

**ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
AFFIRMATIVE DEFENSES AND JURY DEMAND**

    NOW COME the defendants, JAMES DAVIS, DANIEL SHAW and the CITY OF

NORTON SHORES, only, by and through their attorneys, PLUNKETT COONEY, and for their

Answer to Plaintiff's First Amended Complaint, state:

**PARTIES**

    ALLEGATION 1.    Plaintiff Matthew Joseph Crehan was, at all times relevant to this complaint, a resident of Roosevelt Park, Michigan.

**ANSWER 1.  The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.**

ALLEGATION 2.     Defendant James Davis was, at all times relevant to this complaint, an employee of the Police Department for the City of Norton Shores, Michigan.

**ANSWER 2.  Admitted.**

ALLEGATION 3.     Defendant Daniel Shaw was, at all times relevant to this complaint, the Chief of Police for the City of Norton Shores, Michigan.

**ANSWER 3.  Admitted.**

ALLEGATION 4.     Defendant City of Norton Shores, Michigan was, at all times relevant to this complaint, a Michigan municipal corporation located in the County of Muskegon, Michigan and followed the procedures set forth in MCL 257.252, et seq.

**ANSWER 4.  It is admitted that the City of Norton Shores is and was a Michigan Municipal Corporation located in Muskegon County. It is further admitted that the procedures set forth in MCL 257.252, et seq., applied to the City of Norton Shores.**

ALLEGATION 5.     Defendant Central Towing Services, LLC was, at all times related to this complaint, a Michigan Limited Liability Corporation with offices located in Muskegon County, Michigan.

**ANSWER 5.  The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5.**

ALLEGATION 6.     Defendant Edward L. Higgins was, at all times relevant to this complaint, the single, sole member of Defendant Central Towing Services, LLC and a resident of Muskegon County, Michigan.

**ANSWER 6.  The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6.**

ALLEGATION 7.     Defendants were acting under color of state law at all relevant times.

**ANSWER 7.** To the extent that the allegations contained in paragraph 7 are directed at defendants, City of Norton Shores, Davis and Shaw, the allegations are admitted.

## JURISDICTION AND VENUE

ALLEGATION 8. This action is brought pursuant to 28 U.S.C. §1331 over Plaintiff's cause of action arising under the Constitution of the United States and 42 U.S.C. § 1983.

**ANSWER 8. Admitted.**

ALLEGATION 9. This Court has original jurisdiction pursuant to 28 U.S.C. § 1343(a)(3) and 28 U.S.C. § 1331. Further 28 U.S.C. § 1367(a)( confers supplemental jurisdiction over all other claims that are so related to claims in the action. Therefore this Court has supplemental jurisdiction over Plaintiff's assault and battery claim, claims regarding the unconstitutionality of Michigan law MCL 257.252(d)(1)(e) because they stem from the same events that compose his Fourth Amendment claim.

**ANSWER 9. The defendants do not contest the court's jurisdiction.**

ALLEGATION 10. Venue lies in the Southern Division United States District Court for the Western District of Michigan because the violation and corresponding assault and battery and application of the Michigan statute in question occurred entirely in the Western District of Michigan. 28 U.S.C. § 1391(b).

**ANSWER 10. The defendants do not contest venue.**

## FACTUAL ALLEGATIONS

ALLEGATION 11. On April 13, 2007, Plaintiff was pulling into the driveway of his residence at 1519 West Summit Road, Roosevelt Park, Michigan.

**ANSWER 11. It is admitted that the plaintiff pulled into the driveway at 1519 West Summit Road, Roosevelt Park, Michigan, on April 13, 2007, after failing and refusing to acquiesce in Davis' attempt to make a traffic stop.**

ALLEGATION 12. Plaintiff was driving his vehicle, a 1988 Dodge D150 pick-up truck, VIN Number #1B7HD14Y2JS750289.

**ANSWER 12.  It is admitted only that the plaintiff was driving a 1988 Dodge pick-up truck that had a license plate that was not registered to that vehicle.**

ALLEGATION 13.   As Plaintiff was driving home, Defendant Davis, Officer of the Norton Shores Police Department, was following him.

**ANSWER 13.  It is admitted that Davis was attempting to make a traffic stop of the plaintiff, and in that sense was following him.**

ALLEGATION 14.   Defendant Davis had his overhead lights and siren on.

**ANSWER 14.  Admitted.**

ALLEGATION 15.   Plaintiff did not stop immediately when he saw Defendant Davis' lights and heard his siren go on.

**ANSWER 15.  It is admitted that plaintiff not only did not stop immediately when he saw Davis' lights and heard his siren, but plaintiff refused to stop at all as Davis was attempting to make a traffic stop.**

ALLEGATION 16.   After pulling into the driveway of his residence and stopping two feet from a closed garage door, Plaintiff put his vehicle in park and shut it off.

**ANSWER 16.  The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16.**

ALLEGATION 17.   Defendant Davis pulled his vehicle behind Plaintiff's vehicle.

**ANSWER 17.  Admitted.**

ALLEGATION 18.   Defendant Davis left his overhead lights and siren on.

**ANSWER 18.  Admitted.**

ALLEGATION 19.   After Plaintiff shut off his vehicle, he opened the door to his vehicle, got out, placed his hands up in the air, and stood still immediately next to the seat of the vehicle.

**ANSWER 19.  The allegations contained in paragraph 19 are denied as untrue.**

ALLEGATION 20.   Upon hearing the commands of Defendant Davis to "get on the ground," Plaintiff began doing so of his own volition and offering no resistance.

**ANSWER 20.   The allegations contained in paragraph 20 are denied as untrue.**

ALLEGATION 21.   While Plaintiff was in the process of lowering himself to the ground and was almost lying on the ground, Defendant Davis came from behind and forcefully thrust Plaintiff into the cement driveway, knocking Plaintiff's glasses off, causing Plaintiff's left kneecap to break, causing contusions to Plaintiff's upper right chest, and leaving Plaintiff with numerous bruises over his body.

**ANSWER 21.   The allegations contained in paragraph 21 are denied as untrue.**

ALLEGATION 22.   Plaintiff continued to offer no resistance.

**ANSWER 22.   It is admitted that the plaintiff was not offering resistance to being taken into custody after he was taken to the ground.**

ALLEGATION 23.   Plaintiff was then handcuffed by Defendant Davis and placed in the backseat of Defendant Davis' vehicle.

**ANSWER 23.   Admitted.**

ALLEGATION 24.   Upon being placed in the backseat of Defendant Davis' vehicle, Plaintiff observed that none of the contact between himself and Defendant had been recorded on the video camera in Davis' vehicle.

**ANSWER 24.   The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24.**

ALLEGATION 25.   Upon realizing his glasses were missing, Plaintiff requested that Plaintiff Davis retrieve them, and Defendant Davis refused to do so.

**ANSWER 25.   The allegations contained in paragraph 25 are denied as untrue.**

ALLEGATION 26.   Defendant Davis requested that Plaintiff's vehicle be impounded as "the fruit of the crime," pursuant to MCL 257.252(d)(1)(e).

**ANSWER 26.   It is admitted only that the vehicle the plaintiff was driving was impounded as it was being operated with an illegal registration.**

ALLEGATION 27.   Plaintiff's vehicle was legally parked on Plaintiff's private property in Plaintiff's driveway.

**ANSWER 27.   The allegations contained in paragraph 27 are denied as untrue.**

ALLEGATION 28.   Defendant Davis then transported Plaintiff to the Muskegon County Jail.

**ANSWER 28.   Admitted.**

ALLEGATION 29.   As Plaintiff was being transported to the Jail, Defendant Central Towing Services, LLC arrived to remove Plaintiff's vehicle.

**ANSWER 29.   The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29.**

ALLEGATION 30.   Plaintiff's vehicle was then towed to Defendant Central Towing Services, LLC, located in Muskegon, Michigan.

**ANSWER 30.   Admitted upon information belief.**

ALLEGATION 31.   After arrival at the Muskegon County jail, Plaintiff was searched and placed into a holding cell.

**ANSWER 31.   Admitted.**

ALLEGATION 32.   Approximately five to six hours later, a deputy requested Plaintiff to walk to an area of the jail for booking.

**ANSWER 32.   The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32.**

ALLEGATION 33.   Upon receiving this request, Plaintiff advised the deputy that he was in immense pain and was unable to walk.

**ANSWER 33.   The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33.**

ALLEGATION 34.   Plaintiff showed the deputy both of his knees; Plaintiff's left knee displayed significant bruising and was approximately three times the size of his right knee.

**ANSWER 34.   The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34.**

ALLEGATION 35.   Upon seeing the condition of Plaintiff's knee, the Norton Shores Police Department was called to transport Plaintiff to Hackley Hospital.

**ANSWER 35.  It is admitted that the plaintiff was transported to Hackley Hospital.**

ALLEGATION 36.   Upon arrival at Hackley Hospital, Plaintiff was examined by Dr. Hubers.

**ANSWER 36.  The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36.**

ALLEGATION 37.   Dr. Hubers performed x-rays, which showed that Plaintiff's left kneecap was broken.

**ANSWER 37.  The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37.**

ALLEGATION 38.   Dr. Hubers also noted that Plaintiff had received contusions on his upper right chest.

**ANSWER 38.  The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38.**

ALLEGATION 39.   After the examination, Plaintiff was given a brace to immobilize his knee, a pair of crutches, and further instructions to promote healing.

**ANSWER 39.  The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39.**

ALLEGATION 40.   As of this date, Plaintiff still suffers pain from the injury to his kneecap.

**ANSWER 40.  The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40.**

ALLEGATION 41.   Plaintiff's vehicle remained at Defendant Central Towing Services, LLC until Plaintiff's vehicle and its contents were auctioned on or about May 2, 2009.

**ANSWER 41.  The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41.**

ALLEGATION 42. Plaintiff's vehicle could have been towed to and stored at a facility owned by Defendant City of Norton Shores.

**ANSWER 42. The allegations contained in paragraph 42 are denied as untrue.**

ALLEGATION 43. If Plaintiff's vehicle had been stored at a facility owned by Defendant City of Norton Shores, no charges would have accrued pursuant to MCL 257.252(a).

**ANSWER 43. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43.**

ALLEGATION 44. Plaintiff's vehicle was not to be released per the order of the Muskegon County Prosecutor's Office issued on or about April 16, 2007.

**ANSWER 44. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44.**

ALLEGATION 45. Plaintiff never received written notice from the Muskegon County Prosecutor's Office as to when the vehicle was available for release to Plaintiff.

**ANSWER 45. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45.**

ALLEGATION 46. City of Norton Shores Police Department as an entity of Defendant City of Norton Shores has a policy of not providing proper notice to citizens upon the possession of and hold upon citizens' vehicles as evidence.

**ANSWER 46. The allegations contained in paragraph 46 are denied as untrue.**

ALLEGATION 47. City of Norton Shores Police Department as an entity of Defendant City of Norton Shores has a policy of not providing proper notice to citizens upon the release of citizens' vehicles that have been held as evidence.

**ANSWER 47. The allegations contained in paragraph 47 are denied as untrue.**

ALLEGATION 48. Plaintiff discovered that the vehicle was scheduled for auction by Defendant Central Towing Services, LLC in September 2008.

**ANSWER 48. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48.**

ALLEGATION 49.   After Plaintiff brought the forthcoming auction to the attention of the City of Norton Shores Police Department, the Police Department told Defendant Central Towing Services, LLC not to auction the vehicle.

**ANSWER 49.  The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49.**

ALLEGATION 50.   After inquiring as to the release of the vehicle, Plaintiff was advised by an employee of Defendant Central Towing Services, LLC that as of October 1, 2008, the vehicle would not be released until charges of $13,515.00 were paid.

**ANSWER 50.  The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50.**

ALLEGATION 51.   Plaintiff described the situation to Defendant Edward L. Higgins, who refused to release plaintiff's vehicle or any of its contents to Plaintiff.

**ANSWER 51.  The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51.**

ALLEGATION 52.   The amount of $13,515.000 in charges is arrived at by charging $25.00 per day from April 13, 2007 to October 1, 2008.

**ANSWER 52.  The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52.**

ALLEGATION 53.   The aforementioned charges continued to accrue at the rate of $25.00 per day until the vehicle was sold at an auction on or about May 2, 2009, making the total charges in excess of $18,000 if paid on May 1, 2009.

**ANSWER 53.  The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53.**

ALLEGATION 54.   Plaintiff originally purchased the vehicle from the State of Michigan, Department of Transportation for the sum of $2,000.00 in November 1996.

**ANSWER 54.  The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54.**

ALLEGATION 55.  Plaintiff's original case, No. 1:09-cv-280, which has been combined with this case, alleging that Defendant Davis used excessive force against Plaintiff, was filed on March 25, 2009.

**ANSWER 55.  The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55. The court files will disclose when the plaintiff's original case was filed.**

ALLEGATION 56.   Defendant Davis was served his summons in the case No. 1:09-cv-280 on or about April 10, 2009.

**ANSWER 56.  Admitted.**

ALLEGATION 57.   Following the service of Defendant Davis' summons, the City of Norton Shores Police Department immediately approved Plaintiff's vehicle for auction.

**ANSWER 57.  The allegations contained in paragraph 57 are denied as untrue.**

ALLEGATION 58.   Plaintiff's vehicle would not have been auctioned without the approval of the City of Norton Shores Police Department.

**ANSWER 58.  The allegations contained in paragraph 58 are denied as untrue.**

ALLEGATION 59.   The action taken by the City of Norton Shores Police Department in approving Plaintiff's vehicle for auction by Defendant Central Towing Services, LLC is in retaliation for Plaintiff's filing of case No. 1:09-cv-280 against its officer, Defendant Davis.

**ANSWER 59.  The allegations contained in paragraph 59 are denied as untrue.**

ALLEGATION 60.   Defendants acted wantonly and willfully in their dealing with Plaintiff.

**ANSWER 60.  The allegations contained in paragraph 60 are denied as untrue.**

ALLEGATION 61.   The Court entered a Default as to Defendant Central Towing Services, LLC pursuant to Rule 55(a) of the Federal Rules of Civil Procedure for Defendant's failure to plead or otherwise defend as required by the Rules.  (Entry of Default, Doc. #22).

**ANSWER 61.  Admitted.**

ALLEGATION 62.   The Court entered a Default as to Defendant Edward L. Higgins pursuant to Rule 55(a) of the Federal Rules of Civil Procedure for Defendant's failure to plead or otherwise defend as required by the Rules.  (Entry of Default, Docs. 23).

**ANSWER 62.  Admitted.**

### COUNT I-EXCESSIVE FORCE

ALLEGATION 63.   Plaintiff re-alleges and incorporates by reference the above paragraphs.

**ANSWER 63.  The defendants incorporate by reference paragraphs 1 through 62 of their answer as if set forth fully herein.**

ALLEGATION 64.   Plaintiff enjoys a Fourth Amendment constitutional right to be free from seizure by means of unreasonable and excessive force as applied to the States through the Fourteenth amendment to the United States Constitution.

**ANSWER 64.  Admitted.**

ALLEGATION 65.   Defendant Davis knew or should have known that the excessive force used against Plaintiff was unreasonable and unnecessary.

**ANSWER 65.  In that excessive force was not used by Officer Davis, the allegations contained in paragraph 65 are denied as untrue.**

ALLEGATION 66.   Defendant Davis, while acting under color of law and without justification, willfully, wantonly or recklessly and with disregard for Plaintiff's constitutional rights, deprived Plaintiff of his right to be free from seizure by the use of excessive force when Defendant Davis thrust Plaintiff into the cement ground at the time of his arrest, which was in violation of clearly established federal law.

**ANSWER 66. It is admitted that Davis was acting under color of law. The remaining allegations contained in paragraph 66 are denied as untrue.**

ALLEGATION 67.   As a proximate cause of the above described actions and inactions of Defendant Davis, Plaintiff suffered damages that are included but not limited to the following:

   a. Physical pain and suffering;

   b. Injuries to his kneecap, chest, and various other parts of his body;

   c. Permanent damage to his kneecap;

   d. Fright;

e. Humiliation.

**ANSWER 67. In that the defendants have denied "the above-described actions and inactions of Defendant Davis," the allegations contained in paragraph 67 are denied as untrue.**

## COUNT II-ASSAULT AND BATTERY

ALLEGATION 68. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

**ANSWER 68. The defendants incorporate by reference paragraphs 1 through 67 of their answer as if set forth fully herein.**

ALLEGATION 69. Under Michigan law, an officer assaults and batters an individual when the officer "use[s] more force than reasonably necessary in effecting an arrest."

**ANSWER 69. Paragraph 69 does not contain properly pled allegations of fact but contains improper conclusions of law to which no response is required. To the extent that a response is required the defendants are without knowledge or information sufficient to form a belief as to the truth of the legal conclusions contained in paragraph 69.**

ALLEGATION 70. Because Plaintiff was already in the process of getting to the ground of his own volition, as Defendant Davis requested, and because Plaintiff was already almost on the ground, Defendant Davis did not require more than reasonable force in order to effect an arrest on Plaintiff.

**ANSWER 70. It is denied as untrue that the plaintiff was in the process of getting to the ground on his own volition. It is further denied as untrue that Davis use excessive force in effecting the arrest of the plaintiff.**

ALLEGATION 71. Because the force used by Defendant Davis was not necessary to effect an arrest on Plaintiff, Defendant Davis acted unreasonably in thrusting Plaintiff into the cement, causing his kneecap to break, his glasses to fall off, contusions to his upper right chest, and bruising.

**ANSWER 71.  As Davis did not use excessive force in arresting the plaintiff, the allegations contained in paragraph 71 are denied as untrue.**

### COUNT III-FIFTH AND FOURTEENTH AMENDMENT VIOLATIONS

ALLEGATION 72.  Plaintiff re-alleges and incorporates by reference the above paragraphs.

**ANSWER 72.  The defendants incorporate by reference paragraphs 1 through 71 of their answer as if set forth fully herein.**

ALLEGATION 73.  Plaintiff enjoys a Fifth Amendment constitutional right to be free from the arbitrary and irrational application of state legislation, as protected in the substantive component of the Due Process Clause of the Fourteenth Amendment, which includes Plaintiff's Fifth Amendment right to be free from the deprivation of property without due process of law.

**ANSWER 73.  As the due process clause of the Fifth Amendment has no application to the state, the allegations contained in paragraph 73 are denied as untrue.**

ALLEGATION 74.  Defendants Shaw and Davis, acting under color of state law, caused Plaintiff's car to be impounded and to be held at a private storage facility, accruing charges of over $13,000, rather than waiving the charges at no charge to Plaintiff.

**ANSWER 74.  The allegations contained in paragraph 74 are denied as untrue.**

ALLEGATION 75.  As a direct and proximate result of Defendants Shaw and Davis' conduct, Plaintiff has suffered the taking of his property and imposition of fees without due process of law.

**ANSWER 75.  The allegations contained in paragraph 75 are denied as untrue.**

ALLEGATION 76.  Defendant City of Norton Shores, acting under color of state law, authorized, tolerated, ratified, permitted, or acquiesced in the creation of policies, practices, and customs, establishing a de facto policy of deliberate constitutional violations to Plaintiff.

**ANSWER 76.  The allegations contained in paragraph 76 are denied as untrue.**

ALLEGATION 77.  As a direct and proximate result of these policies, practices, customs, Plaintiff was deprived of his constitutionally protected rights and was damaged as described herein.

**ANSWER 77.  In that the defendants have denied the existence of policies, practices and customs as alleged in the Complaint, the allegations contained in paragraph 77 are denied as untrue.**

## COUNT V-CONVERSION

ALLEGATION 78.  Plaintiff re-alleges and incorporates by reference the above paragraphs.

**ANSWER 78.  The defendants incorporate by reference paragraphs 1 through 77 of their answer as if set forth fully herein.**

ALLEGATION 79.  Plaintiff owned a 1988 Dodge pick-up truck and its contents, namely law books and signs, giving Plaintiff a possessory interest in the property.

**ANSWER 79.  The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79.**

ALLEGATION 80.  Defendants City of Norton Shores and Central Towing Services, LLC wrongfully exerted dominion over Plaintiff's property, namely his vehicle and its contents, intentionally interfering with Plaintiff's right to possess the property.

**ANSWER 80. To the extent that the allegations contained in paragraph 80 are directed to the City of Norton Shores, the allegations are denied as untrue.**

ALLEGATION 81.  Defendants City of Norton Shores and Central Towing Services, LLC's acts of towing, not releasing, and subsequently auctioning off Plaintiff's vehicle and its contents directly and proximately caused Plaintiff's loss of property and damages of $11,173.

**ANSWER 81. To the extent that the allegations contained in paragraph 81 are directed to the City of Norton Shores, the allegations are denied as untrue.**

WHEREFORE, for the foregoing reasons, the defendants respectfully request this Honorable Court enter judgment of no cause of action in their favor, dismiss the plaintiff's

complaint in its entirety with prejudice and award the defendants their costs and reasonable attorney fees pursuant to 42 U.S.C. § 1988.

              Respectfully submitted,

DATED:  April 2, 2014      PLUNKETT COONEY

              BY:     /s/ Michael S. Bogren
                 Michael S. Bogren (P34835)
                 Attorney for Defendants
                 JAMES DAVIS, DANIEL SHAW,
                 And CITY OF NORTON SHORES

              BUSINESS ADDRESS:
              950 Trade Centre Way, Suite 310
              Kalamazoo, MI  49002
              **Direct Dial:  269/226-8822**

**AFFIRMATIVE DEFENSES**

NOW COME the defendants, JAMES DAVIS, DANIEL SHAW and the CITY OF NORTON SHORES, only, and by way of Affirmative Defenses, state:

1. The individual defendants are entitled to dismissal on the basis of qualified immunity, as reasonable officials in their position could have believed their actions to be lawful in light of clearly established law.

2. The plaintiff has failed to state an actionable claim against the City of Norton Shores.

3. The plaintiff's claims may be barred by expiration of the statute of limitations.

4. The plaintiff's claims are barred as they were subject to mandatory joiner in the prior lawsuit filed by plaintiff against Defendant Davis.

5. The plaintiff's Complaint fails to state an actionable claim against defendant Shaw.

6. The defendants satisfied all of their obligations under MCL 257.251 et. seq. The actual notice given to the plaintiff was required to be sent by the Secretary of State.

7. The plaintiff's due process claim fails as a matter of law as the plaintiff has failed to plead the absence of adequate state remedies.

8. The defendants are entitled to dismissal of the state law claims on the basis of governmental immunity.

9. The plaintiff's claims are barred by the wrongful act doctrine.

10. The defendants will move to amend their Affirmative Defenses and add additional defenses as they are disclosed through discovery.

                                        Respectfully submitted,

DATED:  April 2, 2014        PLUNKETT COONEY

                                      BY:   /s/ Michael S. Bogren
                                              Michael S. Bogren (P34835)
                                              Attorney for Defendants
                                              JAMES DAVIS, DANIEL SHAW,
                                              And CITY OF NORTON SHORES

                                        BUSINESS ADDRESS:
                                        950 Trade Centre Way, Suite 310
                                        Kalamazoo, MI  49002
                                        **Direct Dial:  269/226-8822**

## JURY DEMAND

NOW COME the defendants, JAMES DAVIS, DANIEL SHAW and the CITY OF NORTON SHORES, only, by and through their attorneys, PLUNKETT COONEY and hereby demand a Trial by Jury in this matter.

                                        Respectfully submitted,

DATED:  April 2, 2014        PLUNKETT COONEY

                                        BY:   /s/ Michael S. Bogren
                                              Michael S. Bogren (P34835)
                                              Attorney for Defendants
                                              JAMES DAVIS, DANIEL SHAW,
                                              And CITY OF NORTON SHORES

                                        BUSINESS ADDRESS:
                                        950 Trade Centre Way, Suite 310
                                        Kalamazoo, MI  49002
                                        **Direct Dial:  269/226-8822**

Open.00560.91310.13890078-1